# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF BRET O. WHIPPLE, BAR NO. 6168.

No. 70951

FILED

DEC 2 1 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney Brett O. Whipple. This matter has been submitted for decision on the record. SCR 113(3).

The disciplinary complaint arises from Whipple's representation of a client in a custody dispute before the district court. Whipple filed a motion to discontinue the opposing party's visitation schedule. Opposing counsel notified Whipple that the motion contained several inaccurate statements and requested that he withdraw the motion, which he did, but then he re-filed a substantially similar motion containing the same inaccuracies. Whipple was again notified that sanctions would be sought, but he did not withdraw the re-noticed motion at that time, and a motion for NRCP 11 sanctions was filed. At that point, Whipple withdrew the re-noticed motion and filed a motion to withdraw as counsel. The district court concluded that Whipple had violated NRCP 11, finding that the inaccuracies easily could have been corrected had Whipple

verified the information from sources to which he had access, and imposed $500 in monetary sanctions and $11,620.75 in attorney fees, and referred the matter to the State Bar of Nevada. The underlying disciplinary proceeding ensued.

Under the guilty plea agreement, Whipple admitted to violations of RPC 1.3 (diligence), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 8.4(d) (misconduct–prejudicial to the administration of justice). In exchange for the guilty plea, Whipple and bar counsel agreed upon a 90-day suspension to be stayed for a period of 18 months, and if Whipple does not engage in any conduct that violates the RPC during the stay period, the discipline will be reduced to a public reprimand. If Whipple is disciplined for conduct occurring during the stay period, then the stay will be lifted and the suspension imposed unless the subsequent disciplinary panel finds mitigating factors that warrant continuation of the stay. Whipple also agreed to pay the cost of the bar proceeding under SCR 120. Following a hearing, a panel of the Northern Nevada Disciplinary Board modified the conditional guilty plea agreement to add the conditions that Whipple pay $1,500 in restitution to his client, complete four hours of continuing legal education in legal staff management, and comply with any reciprocal reporting requirements.

This court's review of the hearing panel's recommendation is de novo. *See* SCR 105(3)(b). We must decide whether the agreed-upon discipline, as modified by the hearing panel, is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh the following factors: "the duty violated, the lawyer's mental

state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on our review of the record, we conclude that the modified guilty plea agreement should be approved. SCR 113(1). Considering the duties violated, that Whipple knowingly violated the RPC, the six mitigating factors (absence of prior discipline, absence of dishonest or selfish motive, cooperative attitude toward the proceeding, reputation, imposition of other sanctions under NRCP 11, and remorse), *see* SCR 102.5(2), and the only aggravating factor (substantial experience in the practice of law), *see* SCR 102.5(1), we conclude that the discipline set forth above is sufficient to serve the purpose of attorney discipline.

Accordingly, we hereby approve the modified conditional guilty plea and suspend Whipple from the practice of law for a period of 90 days. The suspension shall be stayed for a period of 18 months commencing from the date of this order on the condition that Whipple must not sustain any discipline for actions occurring during the 18-month period. If Whipple does not engage in any conduct that violates the RPC during the 18-month stay period, the discipline will be reduced to a public reprimand. If Whipple is disciplined for conduct occurring during the stay period, then the stay will be lifted and the 90-day suspension imposed unless a disciplinary panel finds mitigating factors that warrant continuation of the stay. Whipple must also (1) pay the costs of the disciplinary proceeding in the amount of $750 plus the court reporter and mailing costs associated with this matter within 60 days; (2) pay $1,500 in restitution to his client in the underlying matter within 30 days; (3) comply with the reporting requirements of any other professional licensing

agencies to which he belongs and provide proof of such compliance to the State Bar; and (4) complete four hours of continuing legal education in the area of legal staff management and report completion to the State Bar within 12 months. The parties shall comply with the applicable provisions of SCR 115 and 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Stiglich

cc: Chair, Northern Nevada Disciplinary Board
Michael J. Warhola, LLC
Kimberly K. Farmer, Executive Director, State Bar of Nevada
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A